THE CITY OF CHICAGO

*v.*

ROBERT W. HUNT *et al.*

*Opinion filed April 18, 1907.*

CONTRACTS—*when additional compensation is a part of the contract price.* Additional compensation provided for in a contract and paid by a city to a contractor for increased efficiency which the engines developed, after installation, over and above the efficiency required by the contract, is a part of the contract price within the meaning of an agreement by the city to pay certain persons "two per cent of the contract price" for superintending the work.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

LEON HORNSTEIN, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellant.

GOODRICH, VINCENT & BRADLEY, (WARREN NICHOLS, of counsel,) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellees are expert engineers, and were employed by appellant to superintend the installation of six pumping engines to be constructed and installed by Henry R. Worthington. The contract for this work between appellant and Worthington provided that the duty required to be developed by each engine should not be less than 135,000,000 pounds of water raised one foot high for each one thousand pounds of commercially dry steam. Each engine was also to have the capacity to raise from the pump well directly into the supply-pipe system not less than 20,000,000 gallons of water per twenty-four hours under a head equivalent to one hundred and fifty feet above the surface of the water in the well, with the steam pressure at the throttle of not to exceed one hundred and forty pounds per square inch. The appellant agreed to pay Worthington $437,600 for the work if the engines and pumps, when installed, developed the efficiency and capacity above mentioned. The contract further provided that for each engine that exceeded said duty appellant would pay Worthington, "as a reward for superior efficiency," $1000 for each million foot pounds excess, or *pro rata* for any fraction thereof, and in case either engine failed to perform the duty prescribed, Worthington agreed to pay appellant for such lack of efficiency of each engine "in the ratio of $2000 for each one million foot pounds which the duty falls below 135,000,000." A failure in the capacity provided, exceeding three per cent, subjected the machine to rejection or to such forfeiture as the commissioner of public works might determine. The contract between appellant and appellees required the latter to inspect the materials used in and the construction of the machinery and to test the efficiency of the engines and the pumps, and for this work they were to be paid two per cent, "based on the contract price." The machinery was so constructed and installed that it was found to have an efficiency far in excess of that mentioned in the contract, by reason of which there

was due and paid to Worthington by appellant $90,000 in addition to the $437,600. Appellant paid appellees two per cent on $437,600 but refused to pay any commission on the $90,000. This suit was brought in the superior court of Cook county to recover two per cent on that amount. A jury was waived and the cause tried by the court upon an agreed statement of facts. The court found for plaintiffs and gave judgment in their favor for $1800. The city of Chicago prosecuted an appeal to the Appellate Court, where the judgment of the superior court was affirmed, and this further appeal is prosecuted by it to this court.

Appellant's contention is, that the $437,600 mentioned in the contract is the "contract price" upon which it agreed to pay appellees two per cent for their services; that the excess paid Worthington above that amount was a reward to him for superior efficiency and cannot be considered as any part of the contract price. The superior and Appellate Courts held otherwise, and we think correctly so. The contract price was not that appellant would pay Worthington $437,600 for the work, but that it would pay him that amount if the work developed a certain efficiency stipulated, and an additional sum agreed upon for all that it exceeded that efficiency and a less sum for all that it fell short of coming up to the required capacity. By the terms of this contract appellant was as much obligated to pay Worthington the additional compensation for increased efficiency as it was to pay him the $437,600 if the work had exactly complied with the requirements of the contract. The additional compensation, therefore, for increased efficiency was a part of the contract price, and the superior and Appellate Courts properly held appellant liable to appellees for two per cent on said excess. This seems so clear as not to require discussion.

The judgment of the Appellate Court is therefore affirmed.                              *Judgment affirmed.*